

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LENER KINSLOW**  PLAINTIFF

VS.  CIVIL ACTION NO. 3:18-cv-98-DPJ-FKB

**SAILORMEN, INC. d/b/a
POPEYE'S LOUISIANA KITCHEN
STORE #2173, POPEYES LOUISIANA
KITCHEN, INC. and JOHN DOES 1-10**  DEFENDANTS

### COMPLAINT
### (JURY TRIAL DEMANDED)

COMES NOW the Plaintiff, Lener Kinslow (hereafter "Plaintiff"), by and through Counsel, and hereby files this Complaint as follows:

### PARTIES

1. The Plaintiff is an adult resident citizen of Wayne County, Mississippi, and presently resides at 607 Pine Street, Waynesboro, Mississippi 39367.

2. The Defendant, Sailormen, Inc. d/b/a Popeye's Louisiana Kitchen, Store #2173, is a business corporation registered in the State of Florida, doing business as a fast food restaurant in the State of Mississippi, whose agent for service of process is URS Agents Inc., 10 Canebrake Boulevard, Suite 200, Flowood, Mississippi 39232.

3. The Defendant, Popeyes Louisiana Kitchen, Inc., is a for profit corporation incorporated in the State of Minnesota, doing business as a fast food restaurant in the State of Mississippi, whose agent for service of process is C.T. Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4. John Does 1–10, are believed to be other corporations, entities, or individuals whose negligence, or the negligence of their employees or agents, caused or contributed to

Plaintiff's injuries and/or damages as described herein. The identities of Defendants, John Does 1-10, are unknown the Plaintiff at this time and are other Defendants whose names, whereabouts, and/or involvement are, at this time, unknown to the Plaintiff but who may be added at a later date. Defendants, John Does 1-10, include the owners, operators, managers, and all other entities, corporate and/or individuals of Defendant, Sailormen, Inc. d/b/a Popeye's Lousiana Kitchen, Store #2173, who were in some manner negligently and proximately responsible for the events and happenings alleged in this Complaint and for the Plaintiff's injuries and damages. Plaintiff avers that he should be allowed to amend this Complaint to designate the proper entities once ascertained and requests leave of the Court to do so pursuant to Rule 15 of the Federal Rules of Civil Procedure.

## FACTS

5. The Plaintiff, Lener Kinslow, adopts and herein incorporates by reference each and every allegation as set forth above.

6. At all times mentioned in this Complaint, the Defendants owned, controlled, maintained and operated a fast food restaurant located at 405 Riverwind Drive, Pearl, Mississippi 39208.

7. At all times mentioned in this Complaint, the Defendants invited the general public, including the Plaintiff, Lener Kinslow, to enter the premises located at 405 Riverwind Drive, Pearl, Mississippi 39208, for reasons mutually advantageous to both the Defendants and the Plaintiff.

8. On or about March 3, 2015, the Plaintiff, Lener Kinslow, was an invitee and lawfully on the premises of Defendants located at 405 Riverwind Drive, Pearl, Mississippi 39208.

9. At the above-mentioned time and place, the Plaintiff, Lener Kinslow, was walking on the premises of Defendants when suddenly and without warning, he slipped and fell on a foreign object and fell violently to the floor, causing him to sustain serious injuries and damages including, but not limited to, his neck, back, and shoulder, the full nature and extent of which is unknown at the present time.

## NEGLIGENCE

10. The Defendants, as owners and operators of the fast food restaurant where the Plaintiff fell, owed a duty to the Plaintiff to keep the premises of the fast food restaurant in a reasonably safe condition, to warn the Plaintiff of any dangerous conditions not readily apparent of which it knew or should have known in the exercise of reasonable care, and to conduct reasonable inspections to discover dangerous conditions existing on the premises of the Defendants.

11. The Defendants, as owners and operators of the fast food restaurant where the Plaintiff fell, breached the duties owed to the Plaintiff by:

(A) Failing to maintain the premises of the fast food restaurant in a reasonably safe condition;

(B) Allowing a foreign object to come into contact with, and remain on, the premises of the fast food restaurant when the Defendants knew, or in the exercise of reasonable care should have known, that the hazard created an unreasonable risk of harm to Plaintiff, Lener Kinslow, and invitees in the fast food restaurant;

(C) Failing to warn the Plaintiff, Lener Kinslow, of the danger presented by the presence of the foreign object on the premises of the Defendants;

(D) Failing to properly inspect the premises in order to discover hazardous conditions on the premises of the fast food restaurant;

(E) Failing to otherwise exercise due care with respect to the matters alleged in this Complaint;

(F) Failing to properly and adequately supervise business employees to oversee, inspect, maintain and/or monitor the premises so as to prevent a foreign object from falling and/or remaining on the floor.

12. As a direct and proximate result of the negligence of the Defendants, as set forth above, the Plaintiff, Lener Kinslow, slipped and fell while in the fast food restaurant. Plaintiff's injuries were caused solely by the negligence of the Defendants without any negligence on the part of the Plaintiff, Lener Kinslow. Prior to the fall, Plaintiff was not aware of the dangerous condition which existed at the time and at all times pertinent was exercising reasonable care for his own safety. Neither the fall nor Plaintiff's injuries resulting therefrom were in any way due to any negligence on Plaintiff's part, but were the sole, direct and proximate result of the Defendants.

## DAMAGES

13. As a further direct and proximate result of the negligence of the Defendants, as set forth above, the Plaintiff sustained serious injuries and damages including, but not limited to, physical injuries; past, present, and future pain and suffering; past, present and future medical expenses; mental anguish and other damages that will be proven at the trial of this matter.

14. Plaintiff, Lener Kinslow, reasonably anticipates future damages, proximately caused by the Defendants, including future medical expenses, future pain, suffering, and mental anguish and other damages.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Lener Kinslow, requests a trial by jury and demands damages in excess of $75,000.00, including actual, compensatory, consequential, and incidental damages, for physical injuries; past, present and future physical and emotional pain and suffering, past, present and future medical expenses; and any other special damages that may be incurred by the Plaintiff, together with attorney fees, costs of suit and any further relief as the court may deem proper.

Respectfully submitted, this the 15th day of February, 2018.

Respectfully submitted,

BY: _____
HARRY M. MCCUMBER (MSB #10632)

OF COUNSEL:

HARRY M. MCCUMBER (MSB #10632)
Morgan & Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 949-3388
Facsimile: (601) 949-3399
Email: HMccumber@ForThePeople.com
*Attorney for the Plaintiff*