# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**LENER KINSLOW**                                                   **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 3:18-cv-98-DPJ-FKB**

**SAILORMEN, INC.**
**And JOHN DOES 1-10**                                                    **DEFENDANTS**

## ORDER

This cause is before the Court on Plaintiff Lener Kinslow's Motion to Designate Dr. Ralph Bell as a Retained Expert Witness [36]. For the following reasons the Court finds that the motion should be granted.

Kinslow alleges that on March 3, 2015, he slipped and fell at a Popeye's restaurant belonging to and operated by Defendant Sailormen, Inc. He contends that the fall was the result of Defendants' negligence. Kinslow filed suit on February 15, 2018, and his deadline for expert designations was November 2, 2018.

Kinslow timely filed a Notice of Service of Designation of Experts. [28]. His designations consisted of four treating physicians: Dr. John Meyer, Dr. Bobbie West, Dr. Nathan Williamson, and Dr. Burgess.[1] However, the designations were not complete. Kinslow's attorney explained that he had not been able to speak with any of the physicians prior to the designation deadline. He was unable to locate Dr. Meyer and Dr. West, and was unable to find current contact information for since-retired Dr. Williamson. He was able to contact Dr. Burgess's office, however the doctor would not discuss Kinslow's treatment except through a deposition.

---

[1] Plaintiff did not provide Dr. Burgess's first name.

1

The undersigned held a conference with counsel on November 19, 2018, to discuss the incomplete designations. After the conference, the parties conferred and reached an agreement. On November 30, 2018, Sailormen, Inc. filed an Unopposed Motion to Compel Plaintiff to Provide Full Expert Disclosures of Actor-Experts and to Extend Defendant's Expert Deadline [31]. The motion described the agreement as follows:

> [The parties] have agreed to extend Plaintiff's expert designation deadline to allow Plaintiff to take the deposition of treating physicians and supplement Plaintiff's expert designation as to those experts shortly thereafter. Additionally, the parties agree to extend Defendant's expert deadline.
> The parties' agreement herein does not permit Plaintiff to designate any new experts, but rather, is limited to supplementation of already designated actor-experts after allowing sufficient time to take depositions. Stated differently, the only disagreement that remains between the parties is whether Plaintiff may designate a new expert, i.e. an expert not disclosed by Plaintiff's November 2 expert deadline, an issue Plaintiff intends to take up in a separate motion.

[31] at 2. The Court entered an Agreed Order on December 3, 2018, granting Kinslow an extension until January 18, 2019, to supplement his designation of the four treating physicians. [32].

Four days later, Kinslow filed his Motion to Designate Dr. Ralph Bell as a Retained Expert Witness [36]. He explained that the difficulty in communicating with the treating physicians has necessitated that he also retain a physician to serve as an expert. Sailormen, Inc. opposes the motion, contending that Kinslow has failed to show good cause for his failure to timely designate Dr. Bell or show the importance of Dr. Bell's expected testimony.

Rule 16(b) of the Federal Rules of Civil Procedure grants "the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'" *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)(quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir.1979). Rule 16(b)(4) permits the Court to modify the case scheduling upon a showing of good cause. The good cause standard requires that the party seeking relief show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. *See Southwestern Bell Tele. Co. v.*

*City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003). In determining whether the movant has met its burden under Rule 16(b)(4), the Court considers four factors: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *Georgia-Pac. W&FS (MS) LLC v. Johnson's Fence, LLC*, No. 5:14-CV-121-KS-MTP, 2015 WL 5021887, at *3 (S.D. Miss. Aug. 24, 2015)(citing *S & W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir.2003); *Geiserman*, 893 F.2d at 791).

Each of the four factors weighs in favor of allowing Kinslow to designate Dr. Bell. Regarding the first factor, Kinslow identified four different treating physicians who he believed could provide testimony concerning his injuries and treatment. However, despite a diligent effort, he was unable to locate and/or sufficiently communicate with three of them. Considering the circumstances, the Court finds Kinslow's explanation for not having met the expert designation deadline to be satisfactory.[2]

As to the second factor, given the nature of this case – a premises liability slip and fall – the importance of testimony regarding medical damages and treatment, both past and future, is self-evident. Given the difficulty Kinslow has had locating and communicating with his treating physicians, the importance of retaining an additional expert witness is also clear. Without this expert, it is very possible that Kinslow will not have the means to present necessary damages testimony to a jury.

For the third and fourth factors, granting an extension would cause minimal prejudice to Defendant. This case is not scheduled for trial until a two-week term of court beginning November 4, 2019. The only deadline that granting Kinslow's motion will affect is Defendants' expert

---

[2] Kinslow should have requested an extension of his expert designation deadline prior to its expiration.

designation date, currently set for February 18, 2019. [31]. By extending that deadline, the Court can cure any prejudice that allowing Dr. Bell's designation would cause Defendants.

Accordingly, the Court finds that Plaintiff's Motion to Designate Dr. Ralph Bell as a Retained Expert Witness [36] should be, and is hereby, granted. The Court sets a deadline of February 22, 2019, for Plaintiff to fully and completely designate his experts in this matter and a deadline of March 25, 2019, for Defendants to designate their experts. Should the parties need an extension of the discovery deadline, currently set for April 19, 2019, they may either file a joint motion requesting the extension or follow the procedures contained within Section 6.F.4. of the Case Management Order.

SO ORDERED, this the 4th day of February, 2019.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE